UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**USDC-SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC#:**
**DATE FILED:** 08/18/2015

---

CITI STRUCTURE CONSTRUCTION,

Plaintiff,

v.

ZURICH AMERICAN INSURANCE
COMPANY,

Defendant.

No. 14-CV-5371 (RA)

OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Citi Structure Construction ("Citi") brings this state-law action for non-payment against Defendant Zurich American Insurance Company ("Zurich"), the surety on two labor and material payment bonds issued in connection with two Metropolitan Transportation Authority ("MTA") construction projects in New York City. On both projects, Citi served as a subcontractor to non-party Yonkers Contracting Company, Inc. ("Yonkers"), the principal on the bonds issued by Zurich.

Before the Court is Zurich's motion to dismiss on the basis of an exclusive forum selection clause in the subcontract agreements between Citi and Yonkers.[1] For the reasons that follow, Zurich's motion is granted.

## BACKGROUND

Citi alleges that it furnished labor, materials, and equipment to Yonkers in connection with two MTA projects—the 44th Street Project and the West 33rd Street Project. Compl. (Dkt. 1) ¶ 1.

---

[1] Zurich also sought dismissal, in the alternative, on the basis of Citi's failure to join Yonkers, purportedly a required party, under Fed. R. Civ. P. 19. *See* Def.'s Mem. (Dkt. 18) at 18–23. Zurich later withdrew this portion of its motion, however, Dkt. 26, and it was later denied by the Court as moot, Dkt. 28.

For each project, Citi entered into a subcontract agreement (the "Subcontract Agreements") with

Yonkers, on January 27, 2010 and November 2, 2010, respectively. Strobel Aff. (Dkt. 19) ¶¶ 16–

17. Each Subcontract Agreement contains an identical forum selection clause, which, in relevant

part, provides:

> **27.1** The venue of any action or proceeding shall be exclusively in the Supreme
> Court of the State of New York, County of Westchester, before a Justice of said
> Court. The parties hereto hereby waive the right to trial by jury.

> **27.2** Notwithstanding any contrary terms of conditions contained in any surety
> bond, the parties agree that the venue of any action or proceeding against any surety
> bonds made in connection with the Project shall be exclusively in the Supreme
> Court of the State of New York, County of Westchester, before a Justice of said
> Court. The parties hereto hereby waive the right to trial by jury.

Strobel Aff. Ex. D § 27; *id.* Ex. E § 27. Zurich is not a party to the Subcontract Agreements.

For each project, Citi was also covered by labor and material payment bonds, issued by

Zurich, as surety to Yonkers, in the amounts of $40,765,000 (the "44th Street Bond") and

$116,211,000 (the "West 33rd Street Bond"), respectively. Compl. ¶¶ 2, 4. Citi alleges that these

bonds—guarantees, essentially, that Yonkers would perform its contractual obligations to its

subcontractors—create joint and several liability between Zurich and Yonkers for any failure to

perform by Yonkers. *Id.* The parties have not indicated whether the bonds themselves contain

forum selection clauses.

On July 17, 2014, Citi filed this action, seeking to recover labor and materials costs—

$299,383.95 in damages on the 44th Street Project and $287,779 in damages on the 33rd Street

Project, *id.* ¶¶ 3, 5—it purportedly provided to Yonkers on the two projects, but for which it was

purportedly never paid. Only Zurich—and not Yonkers—is named as a defendant. Zurich now

seeks dismissal of Citi's action, contending that the forum-selection clause in the Subcontract

2

Agreements between Citi and Yonkers is mandatory and must be enforced. Def.'s Mem. 10–18.
The Court agrees.

## LEGAL STANDARD

The proper procedural mechanism for enforcing a forum selection clause that points to a
nonfederal forum is a motion to dismiss for *forum non conveniens*. *See Atlantic Marine Constr.
Co. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568, 580 (2013).
In deciding such a motion, courts may rely on the pleadings and affidavits submitted in connection
with the motion, but cannot resolve any disputed material fact in the movant's favor unless an
evidentiary hearing is held. *Martinez v. Bloomberg LP*, 740 F.3d 211, 216–17 (2d Cir. 2014); *see
also Midamines SPRL Ltd. v. KBC Bank NV*, No. 12 Civ. 8089 (RJS), 2014 WL 1116875, at *2
n.5 (S.D.N.Y. Mar. 18, 2014).

Courts should only grant such a motion where the disputed forum selection clause is both
valid and enforceable—questions governed by federal law. *Martinez*, 740 F.3d at 217. Courts in
this Circuit employ a four-part analysis to determine the validity of a forum selection clause.
*Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 383–84 (2d Cir. 2007). First, the Court must
determine: (1) whether the clause was "reasonably communicated" to the party resisting
enforcement, (2) whether the clause is mandatory or permissive, and (3) whether the claims and
parties involved in the suit are subject to the clause. *Id.* at 383.

If these three requirements are met, the forum selection clause is presumptively
enforceable. *Id.* (citing *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1362–63 (2d Cir. 1993)). A court,
however, must still evaluate the fourth *Phillips* factor: whether the resisting party has sufficiently
rebutted the presumption of enforceability by showing that enforcement of the forum selection
clause would be unreasonable or unjust, or that the clause is otherwise invalid for reasons such as

3

fraud or overreaching. *Phillips*, 494 F.3d at 383–84 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). A valid forum selection clause must be given "controlling weight in all but the most exceptional cases." *Atlantic Marine*, 134 S.Ct. at 581.

## DISCUSSION

Citi does not dispute that the forum selection clauses in its Subcontract Agreements with Yonkers were "reasonably communicated" or that they are mandatory. It contends only that Zurich is not a signatory to these Agreements, and that Zurich's motion to dismiss therefore improperly relies on "a forum selection clause [that] is absent in the four corners of the subject payment bonds." Pl.'s Opp. 1. *See also* Dkt. 27 at 1.[2] The Court thus focuses its discussion on whether Citi's claims against Zurich are subject to the forum selection clauses, and whether Zurich, as a non-signatory to the Subcontract Agreements can nevertheless enforce the forum selection clauses contained therein.

### A. Citi's Claims Are Subject to the Forum Selection Clauses

"The Second Circuit has held consistently that forum selection clauses are to be interpreted broadly and are not restricted to pure breaches of the contracts containing the clauses." *TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 378 (S.D.N.Y. 2010), *aff'd in part*, 647 F.3d 472 (2d Cir.) and *aff'd in part*, 435 F. App'x 31 (2d Cir. 2011). Whether a particular claim falls within the scope of a forum selection clause "is a contractual question that requires the courts to interpret the clause and, where ambiguous, to consider the intent of the parties." *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 33 (2d Cir. 1997). "Courts have

---

[2] Citi's opposition memorandum only cursorily addresses Zurich's motion to dismiss for *forum non conveniens*, focusing instead on Zurich's now moot motion to dismiss for failure to join a required party. In a letter filed subsequent to its briefing of Zurich's motion, however, Citi addresses Zurich's arguments in slightly more detail. *See* Dkt. 27. Because the law governing this motion is clear, Citi's request for oral argument is denied and the Court relies solely on the written submissions before it.

consistently analyzed a clause's scope by reference to the meaning of its terms." *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, No. 07 CIV. 9580 (HB), 2008 WL 4833001, at *7 (S.D.N.Y. Nov. 5, 2008).

Here, the language of the forum selection clauses is unambiguous: it applies to any cause of action brought "against any surety bonds made *in connection with* the Project." Strobel Aff. Ex. D § 27 (emphasis added); *id.* Ex. E § 27 (same). Although this language should not be read to encompass "all claims that have some possible relationship with the contract," *Phillips*, 494 F.3d at 389, it is nonetheless sufficiently broad to encompass Citi's particular claims here. Citi's Complaint makes clear that its claims arise from its Subcontract Agreements with Yonkers, and it seeks damages in the amount of materials and services that remains unpaid by Yonkers on the 44th Street and 33rd Street Projects, with Zurich named only its capacity as surety.

In its opposition papers, Citi does not seriously contend otherwise. It asserts only that "the venue provisions in the [Subcontract Agreements] cannot apply to Citi's claims on the payment bonds," Pl.'s Mem. 1, but otherwise offers no support for this proposition. Accordingly, the Court finds that its claims fall within the scope of the Subcontract Agreements' forum selection clauses.

## B. Zurich Is Subject to the Forum Selection Clauses

That "a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause." *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 701 (2d Cir. 2009). Indeed, a non-signatory can "enforce the forum selection clause against a signatory when the non-signatory is 'closely related' to another signatory." *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2d Cir. 2013). Such a close relationship exists where "the non-signatory's enforcement of the forum selection clause is 'foreseeable' to the signatory against whom the non-signatory wishes to enforce the forum selection clause." *Id.* at 723.

Here, the relationship between Citi and Zurich was sufficiently close for Zurich, a non-signatory to the Subcontract Agreements, to nonetheless enforce the forum selection clauses contained therein. Although only Citi and Yonkers are signatories to the Subcontract Agreements, the enforcement of the forum selection clauses by sureties on the 44th Street and 33rd Street Projects is expressly contemplated. *See* Strobel Aff. Ex. D § 27 ("[T]he venue of any action or proceeding against any surety bonds made in connection with the Project shall be exclusively in the Supreme Court of the State of New York, County of Westchester."); *id.* Ex. E § 27 (same). Zurich is Yonkers' surety on both projects—and, indeed, is the surety on the payment and materials bonds pursuant to which Citi seeks recovery.

That Citi elected to sue only Zurich does not permit Citi to escape its contractual obligations. Citi identifies several cases in which courts have permitted suits, such as the instant one, in which a creditor sues the surety and not the principal. Pl.'s Opp. 7. But while such suits are surely permissible, the question here is not whether a subcontractor can sue a surety, but whether a surety, when sued, can enforce the forum selection clause in a contract between the subcontractor and principal. Here, Zurich can. It should have been foreseeable to Citi from the clear language of the forum selection clauses that Zurich, as the surety on its projects, would seek enforcement of these clauses if sued anywhere but New York State Supreme Court, Westchester County.

## C. Enforcement of the Forum Selection Clauses

As the first three prongs of the forum selection analysis are satisfied, the forum selection clauses in the Subcontract Agreements are presumptively enforceable. *Martinez*, 740 F.3d at 227 (citing *Phillips*, 494 F.3d at 383). Citi may therefore defeat dismissal only if it overcomes this presumption, namely, by establishing that enforcing the forum selection clauses "would be unreasonable or unjust." *Id.* (citing *Phillips*, 494 F.3d at 384). A forum selection clause is

6

enforceable unless "(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum state; or (4) trial in the selected forum will be so difficult and inconvenient that the Plaintiff effectively will be denied of his day in court." *Phillips*, 494 F.3d at 392 (citing *Roby*, 996 F.2d at 1363).

Citi has not credibly argued that the forum selection clauses here should be set aside because their enforcement would be unreasonable or unjust. Instead, it offers a wholly unsubstantiated public policy concern, namely, that "Zurich's requested relief would turn the construction industry upside down." Pl.'s Opp. 9. Finding that Zurich can enforce the forum selection provisions of Citi's contracts with Yonkers, however, will not preclude subcontractors from recovering against sureties. It will merely ensure that they do so in the proper forum. Here, that forum—one that Citi assented to when it signed the Subcontract Agreements—is New York State Supreme Court, Westchester County.

## CONCLUSION

For the foregoing reasons, the forum selection clauses are enforceable by Zurich against Citi, and Zurich's motion to dismiss the Complaint is thus granted. The Clerk of the Court is respectfully directed to close the motion pending at docket entry 17 and to terminate this case.

SO ORDERED.

Dated:     August 18, 2015
           New York, New York

Ronnie Abrams
United States District Judge

7